

49 Market Street
Morristown, NJ 07960
☎ 973.992.4800 🖨 973.992.9125
WWW.FOXROTHSCHILD.COM

JORDAN B. KAPLAN
Direct No: 973.994.7819
Email: jbkaplan@foxrothschild.com

March 25, 2026

**VIA ELECTRONIC COURT FILING**
Patricia S. Dodszuweit, Clerk
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

> Re:  **Geoffrey M. Young v. StoneX Group, Inc., et al.**
> **District Court Case No.: 3:24-cv-00526-GC-JTQ**
> **Appellate Case No.: 26-1428**

Dear Ms. Dodszuweit,

This firm represents Appellees StoneX Group, Inc. and GAIN Capital Group, LLC (collectively, "Defendants" or "Appellees"). Please accept this letter in lieu of a more formal submission in response to the Court's March 4, 2026, letter, advising the parties that the above-referenced appeal will be submitted to a panel of this Court for possible dismissal due to a jurisdictional defect (Dkt. No. 4). For the reasons set forth herein, Appellant Geoffrey M. Young's ("Plaintiff" or "Appellant") appeal should be dismissed because this Court lacks appellate jurisdiction.

**PRELIMINARY STATEMENT**

On February 20, 2026, Appellant filed a Notice of Appeal seeking to appeal twelve separate orders and docket entries entered by the District Court for the District of New Jersey (the "District

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Minnesota
Nevada   New Jersey   New York   North Carolina   Pennsylvania   South Carolina   Texas   Washington



March 25, 2026
Page 2

Court") spanning from November 26, 2024, through September 16, 2025. This Court lacks appellate jurisdiction for multiple reasons, and Appellant's appeal should be dismissed.

First, the District Court has not entered a final appealable order under 28 U.S.C. § 1291. Appellant's Complaint and First Amended Complaint were dismissed by the District Court, *without prejudice*, and Appellant was afforded the opportunity to amend his pleadings, which he did. On September 2, 2025, Appellant filed a Second Amended Complaint. In response, Appellees filed a Motion to Dismiss. At the time Appellant filed his Notice of Appeal, Appellees' fully briefed Motion to Dismiss the Second Amended Complaint had not been decided by the District Court. In light of Appellant's filed Notice of Appeal, the District Court terminated the pending Motion to Dismiss. Accordingly, Appellant's Second Amended Complaint is still the operative pleading in the District Court case, and no final appealable order has been entered by the District Court.

Second, none of the orders Appellant seeks to appeal fall within the very narrow exceptions to the final order rule. Third, even if Appellant were to overcome the jurisdictional issue, he is nonetheless barred from relief because the orders he seeks to appeal are all time-barred. Fourth, there are multiple docket entries, not orders, that Appellant seeks to appeal, none of which can be appealed, as those docket entries are ministerial or administrative in nature and are not orders subject to appellate review. Accordingly, this Court lacks appellate jurisdiction, and the appeal should be dismissed.



## <u>STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY</u>

On January 29, 2024, Appellant filed a complaint, alleging, *inter alia*, that Appellees committed common law fraud in liquidating his foreign currency positions in Russian rubles. ECF No. 1. Thereafter, Appellees filed a Motion to Dismiss the Complaint. ECF No. 17. Prior to the motion to dismiss being decided, on November 26, 2024, the District Court entered an Order to Show Cause directing Appellant to show cause as to why the case should not be *sua sponte* transferred to the appropriate district. ECF No. 24. The Order to Show Cause was addressed by the District Court in its memorandum opinion on January 13, 2025, declining to *sua sponte* transfer the case to another district as Appellees provided a corrected Diversity Disclosure Statement. ECF No. 33. In addition, the District Court noted that Appellant did not object to the matter being transferred to a different district, and he did not indicate a preference for any particular district. *Id.* That same day, the District Court entered an Order granting Appellees' Motion to Dismiss Appellant's Complaint, *without prejudice*, and permitted Appellant to file an amended complaint. ECF No. 34. Subsequently, a note was entered on the docket indicating that the civil case was terminated.

Thereafter, on January 27, 2025, Appellant filed his First Amended Complaint ("FAC"), motion to file the FAC, and moved for a preliminary injunction. ECF Nos. 35-37. A week later, Appellant curiously filed a Motion to Vacate the District Court's January 13, 2025 Order dismissing his complaint. ECF No. 38. On March 3, 2025, the District Court accepted the FAC as the operative pleading, reopened the case, and denied Appellant's Motion to Vacate as moot. *See*



ECF No. 43. In response to Appellant's First Amended Complaint, Appellees filed their second Motion to Dismiss on March 17, 2025.  ECF No. 44.

Subsequently, on March 26, 2025, Appellant filed an out-of-time Reply in response to Appellees' opposition to his motion for a preliminary injunction, which was accepted by the District Court in light of Appellant's *pro se* status. *See* ECF Nos. 46-47. On April 8, 2025, Appellant filed a Motion for Sanctions pursuant to Fed. R. Civ. P. 11., ECF No. 48, and, thereafter, filed an amended motion for Rule 11 sanctions.  ECF No. 53.  On August 6, 2025, the District Court issued an opinion and order granting Appellees' Motion to Dismiss the FAC, and the case was noted as terminated in the docket entry. ECF No. 58. Additionally, the District Court denied Appellant's Motion for a Preliminary Injunction and motion for sanctions.  *Id.*  The FAC was dismissed *without prejudice*, and Appellant was given 30 days within which to file an amended complaint. *Id.*

On September 2, 2025, Appellant filed his Second Amended Complaint ("SAC").  ECF No. 59.  In response, on September 16, 2025, Appellees filed their third motion to dismiss.  ECF No. 60.  Appellees' Motion to Dismiss the Second Amended Complaint was fully briefed in the District Court; however, prior to the court deciding the motion, Appellant filed a Notice of Appeal. ECF No. 63. As a result of Appellant filing the Notice of Appeal, the District Court directed the Clerk's Office to terminate Appellees pending Motion to Dismiss. ECF No. 64.

Appellant's Notice of Appeal is based upon the following District Court orders and docket entries:  (i) the Order to Show Cause which was ultimately decided on January 13, 2025; (ii) the January 13, 2025 Order dismissing Appellant's complaint, without prejudice; (iii) a docket entry

183532004



terminating the case in light of the January 13, 2025 dismissal; (iv) a text order on March 3, 2025, accepting Appellant's FAC and reopening the case; (v) a docket entry noting the March 3, 2025 text order was sent to Appellant; (vi) a docket entry on March 18, 2025 setting deadlines as to Appellees' Motion to Dismiss the FAC; (vii) a docket entry on March 18, 2025 regarding Appellant's untimely Reply in support of his motion for preliminary injunction; (viii) a docket entry on April 8, 2025 setting deadlines concerning Appellant's motion for rule 11 sanctions; (ix) a docket entry setting deadlines for Appellant's amended motion for sanctions; (x) an opinion by Judge Georgette Castner entered August 6, 2025; (xi) the August 6, 2025 order granting Appellees' Motion to Dismiss the FAC and denying Appellant's motion for sanctions and for preliminary injunction; and (xii) a docket entry setting deadlines concerning Appellees' Motion to Dismiss the SAC.

## **LEGAL ARGUMENT**

**I.      THIS COURT LACKS APPELLATE JURISDICTION AS THERE IS NO FINAL APPEALABLE ORDER UNDER 28 U.S.C. § 1291**

Pursuant to 28 U.S.C. § 1291, "[t]he court of appeals. . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]"  A final decision is one that ends the litigation on the merits and leaves nothing for the court to do other than execute the judgment.  *See Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976).  An order that dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by a plaintiff without affecting the cause of action. *Id*. "Only if a plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." *Id.* at 951-52.



Here, *none* of the orders that Appellant seeks review of are final. Indeed, both the January 13, 2025 Order as well as the August 6, 2025 Order, which dismissed Appellant's Complaint and FAC, respectively, were *without prejudice*. *See* ECF Nos. 34, 58. Further, both orders allowed Appellant to file amended complaints, which he did. The August 6, 2025 Order specifically provided Appellant with 30 days to file a second amended complaint. ECF. No. 58. On September 2, 2025, Appellant filed his SAC. Thus, Appellant was permitted to, and did, amend his FAC and did not declare his intention to stand on his FAC. Appellant's conduct of filing the SAC clearly indicates there is no appellate jurisdiction here because he was able to file an amended complaint. *See* ECF No. 59. Had Appellant wished to make the August 6, 2025 order appealable, rather than filing the SAC, he should have instead stood on his prior complaint, which he did not do. *See* Borelli, 532 F. 2d 950 at 952. Similarly, Appellant also failed to take that same course of action when the District Court granted him leave to file an amended complaint on January 13, 2025, with Appellant instead filing his FAC. *See* ECF No. 35. Accordingly, Appellant's filing of the SAC renders his requests to reverse the orders dismissing his complaints moot.

Accordingly, there is no final appealable order within the underlying action, and thus this Court lacks jurisdiction under 28 U.S.C. §1291.

## II. THERE ARE NO APPLICABLE EXCEPTIONS TO THE FINAL JUDGMENT RULE THAT WOULD CONFER JURISDICTION TO THIS COURT

Certain exceptions exist to the final judgment rule under 28 U.S.C. §1291, but none apply to any of the orders Appellant seeks to review. Under 28 U.S.C. §1292, this Court has jurisdiction over appeals from interlocutory orders (i) granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, (ii) appointing receivers, or refusing

183532004



orders to wind up receiverships or to take steps to accomplish the purposes thereof, and (iii) interlocutory decrees determining the rights and liabilities of the parties to admiralty cases. None of the exceptions are applicable in this matter. Although Appellant did file a motion for a preliminary injunction which was denied, as set forth in Point III *infra*, any appeal of the order denying his motion for a preliminary injunction is time-barred.

Moreover, this Court may have jurisdiction under the collateral order doctrine only if the order appealed from: (i) conclusively determines the disputed question; (ii) resolves an issue completely separate from the merits of the dispute; and (iii) would be effectively unreviewable on appeal from a final judgment. *Adapt of Philadelphia v. Philadelphia Housing Authority*, 417 F. 3d 390, 394 (3d Cir. 2005). This test is applied stringently, as the Supreme Court has cautioned that the collateral order doctrine is a "narrow" exception to the finality requirement under 28 U.S.C. §1291. *Id.* In *Adapt*, the court rejected application of the collateral order doctrine because the appeals all exist in the context of an ongoing proceeding in the district court. *Id.*

Here, none of the orders Appellant seeks to appeal fall within the narrow exception of the collateral order doctrine. None of the orders involve a disputed question completely separate from the merits of the action. Instead, the orders that Appellant seeks to appeal are completely based upon the merits of the case. Moreover, these orders would, if they were final orders, be reviewable by this Court, which is not the case. Critically, as in *Adapt*, where the court rejected application of the collateral order doctrine because there was an ongoing proceeding in the district court, here, there was an ongoing proceeding in the District Court, namely to determine whether to grant



Appellees' third motion to dismiss. *See Adapt*, 417 F. 3d 390 at 394. Accordingly, the collateral order doctrine does not apply here.

**III.    APPELLANT'S NOTICE OF APPEAL IS UNTIMELY AS TO ALL CHALLENGED ORDERS**

Even if this Court were to find appellate jurisdiction over any of the District Court orders Appellant seeks to appeal, which it cannot, Appellant's Notice of Appeal is time-barred as to all of them. Pursuant to Fed. R. App. P. 4(a)(1)(A), a notice of appeal must be filed within thirty days after entry of the judgment or order appealed from. As for interlocutory orders concerning injunctions, under Fed. R. App. P. 5(a)(2), a petition must be filed within the time specified by a statute or rule authorizing appeal, and if no such statute or rule authorizes appeal, then the thirty-day rule under Rule 4(a)(1)(A) applies. Under Fed. R. App. P. 4(a)(5), a district court may extend time for an appellant to file a notice of appeal if: (i) the party moves no later than thirty days after the time prescribed in Rule 4(a) expires; and (ii) the appellant shows excusable neglect or good cause.

Here, all of the orders Appellant seeks to appeal are unquestionably time barred. Appellant filed his notice of appeal on February 20, 2026, nearly *five months* from the latest "order" he seeks to appeal—the September 16, 2025 docket entry. Even if Appellant had sought an extension to file an appeal, which he did not, the extra thirty-day reprieve under Fed. R. App. P. 4(a)(5) would not have resolved the months-long delay in which Appellant failed to file his notice of appeal. Critically, the only order that this Court could possibly have appellate jurisdiction over—the denial of Appellant's request for preliminary injunction on August 6, 2025—is time-barred. Appellant filed the Notice of Appeal more than six months from the date of entry.



March 25, 2026
Page 9

Accordingly, all of the orders Appellant seeks to appeal are time-barred requiring the dismissal of this appeal.

**IV.    THE DOCKET ENTRIES APPELLANT SEEKS TO APPEAL ARE NON-APPEALABLE AS THEY ARE ADMINISTRATIVE AND MINISTERIAL IN NATURE**

The Appellant cannot appeal the docket entries, as they are not orders at all.  The Third Circuit recognizes the distinction between judicial orders and administrative docket entries.  In *Witasick*, the court explained that "utility events" and minute entries "are not orders of the district court nor are they signed by a judge" and, therefore, "cannot serve as a foundation for an appeal." *Witasick v. Minnesota Mutual Life Insurance Co.*, 803 F. 3d 184, 189 (3d Cir. 2015).  Although a text order may be appealable, the administrative docket notes and entries included in Appellant's Notice of Appeal do not serve as the foundation for an appeal. They are not final orders by a judge, but rather notifications of case proceedings and administration. Further, as set forth above, to the extent any text orders noted in the Notice of Appeal may be appealable, their appeal would be time-barred.

183532004



March 25, 2026
Page 10

## <u>CONCLUSION</u>

Accordingly, for the reasons set forth herein, Appellees respectfully request that Appellant's appeal be dismissed for lack of jurisdiction and the matter be remanded to the District Court.

Respectfully Submitted,

FOX ROTHSCHILD LLP


*s/ Jordan B. Kaplan*
JORDAN B. KAPLAN

183532004